**Rose M. SMITH, Appellant,**

v.

**UNION MUTUAL LIFE INSURANCE COMPANY, Appellee.**

No. 82–2236.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1983.

Decided Feb. 7, 1984.

Rehearing and Rehearing En Banc Denied March 29, 1984.

J.R. Nash, North Little Rock, Ark., for appellant, Rose M. Smith.

Winslow Drummond, Little Rock, Ark., for Union Mut. Life Ins. Co.

Before ROSS and McMILLIAN, Circuit Judges, and COLLINSON,* Senior District Judge.

---

McMILLIAN, Circuit Judge.

Rose M. Smith appeals from a final judgment entered against her in the District Court [1] for the Eastern District of Arkansas. Appellant, a resident of Arkansas, sought to recover under the terms of her employer's group disability insurance policy issued by appellee, Union Mutual Life Insurance Co., a Maine corporation doing business in Arkansas. Appellant also sought punitive and tort damages based on appellee's bad faith refusal to honor her claim. For reversal appellant argues that the district court erred in (1) granting appellee's motion for directed verdict on the tort claim, and (2) granting appellee's motion for judgment notwithstanding the verdict on the contract claim. For the reasons discussed below, we affirm in part, reverse in part, and remand to the district court with directions.

Appellant worked for Radiology Associates, P.A., in Little Rock, Arkansas, from 1959 until October 2, 1974, when she became totally and permanently disabled due to rheumatoid arthritis. Appellant's condition first began to trouble her in February 1974. Radiology Associates maintained a group disability insurance plan for its employees. Appellee had been the carrier of this insurance plan since September 1, 1967.

Sometime in August 1974, Radiology Associates contacted its independent insurance agent and informed him that it wished to increase its disability coverage. Appellee was unable to offer the desired increase and so the agent arranged coverage through another carrier, Northwestern National Life Insurance Co. The new policy was effective October 1, 1974.

By letter dated October 8, 1974, Radiology Associates notified appellee of the change to the new carrier and asked for a statement of charges through the month of September 1974. Upon receipt of the letter on October 23, 1974, appellee returned Radiology Associates' October premium.

* The Honorable William R. Collinson, United States Senior District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

1. The Honorable Garnett Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

Appellee first became aware of appellant's disability sometime after April 1975, when appellant learned she would be unable to return to work and contacted Radiology Associates regarding disability benefits. Radiology Associates first thought that Northwestern National would provide appellant coverage because its policy was in effect at the time she became disabled. Northwestern National, however, denied liability based on the pre-existing condition clause in its policy. Appellee was subsequently notified of the situation. The record is not clear as to when and how appellee first became aware of appellant's situation, nor as to appellee's response.[2] In November 1976, appellant spoke directly with the insurance agent and thereafter, in 1977, she filed suit in state court against her employer, the two insurance companies and the insurance agent alleging, among other things, breach of contract and fraud in the denial of her disability benefits. On appellant's request the state court action was dismissed as to all defendants without prejudice and the present action was filed in federal court only against appellee.

Appellee's position in this case was that it did not at any time act in bad faith as to appellant's claim, that its policy was not in effect as of the date of appellant's disability, and that if it were, benefits due were reduced by the amount of appellant's Social Security disability benefits in accordance with the terms of the policy.

At the close of appellant's evidence, appellee moved for a directed verdict on all claims. The district court granted the motion as to the tort claim. At the conclusion of the entire case, the court on its own motion ruled as a matter of law that appellee's policy was in effect on the date of appellant's disability. It was undisputed that appellant's basic monthly benefit under the policy was $243, which represented 60% of her basic monthly earnings. It was also undisputed that appellant was entitled

to $978.20 under the policy as of June 1, 1975, and that since that date she received monthly Social Security disability benefits in excess of $243, which precluded entitlement to insurance benefits under the "Monthly Benefit Reduction" clause of the policy.

The district judge decided to submit to the jury the question of whether appellant's Social Security benefits were likely to be terminated or reduced below $243 per month at any time in the future. If it so found, the jury was instructed to determine the present value of future benefits appellant would be entitled to receive under the policy. The jury found "the present value of the benefits due the plaintiff under the terms of the policy to be $46,000."[3] Appellee filed a motion for judgment notwithstanding the verdict which was granted by the district court.

*The Tort Claim*

Both parties agree that the law of Arkansas controls in this diversity action. While no Arkansas case has been cited or found which allowed recovery in tort against an insurance company on the ground of a bad faith refusal to pay a valid claim, the Arkansas Supreme Court has recognized that such a cause of action could be maintained where the insured claimed that "after due investigation by defendant [insurance company] it was determined that the claim was valid and defendant nevertheless refused to pay or that defendant refused to make any investigation at all, and that defendant's refusals were in bad faith with an intent to cause further damage to [the insured]." *Findley v. Time Insurance Co.*, 264 Ark. 647, 573 S.W.2d 908, 910 (1978). The court specifically rejected the view that whenever an insurance company denies a claim, it exposes itself to an action in tort, and recognized that "[m]ere refusal to pay insurance cannot constitute wanton or malicious conduct when ... an actual controversy

---

**2.** Apparently no written notice of a claim by appellant was ever given to appellee. While appellee did not defend on this basis, the matter is relevant to the issue of appellee's bad faith.

**3.** If appellant had been entitled to full benefits under the policy, she would have received a total of $74,900 until she reached age 65.

exists with respect to liability on the policy. If this were not the rule punitive . . . damages would be recovered in every action involving a refusal to pay an insurance policy." *Id. See also Robinson v. MFA Mutual Insurance Co.,* 629 F.2d 497 (8th Cir.1980).

 In the present case, looking at the evidence in the light most favorable to appellant, as we must do in reviewing the directed verdict, *Lane v. Chowning,* 610 F.2d 1385, 1388 (8th Cir.1979), we hold that the trial court properly granted appellee's motion for directed verdict on the tort claim. There was no evidence from which a jury could infer that appellee at any time acted in bad faith with an intent to harm appellant.

*The Contract Claim*

Neither party questions the correctness of the district court's holding that the October 8, 1974, retroactive termination of the policy issued by appellee was not effective as to appellant's claim which originated prior thereto. There is also no dispute, at least on appeal, that under Arkansas law, given the facts of this case, appellant may seek to recover the present value of future benefits which will fall due under the policy, calculated with reference to appellant's life expectancy. *See Yarbrough v. General American Life Insurance Co.,* 241 F.Supp. 448, 454–55 (E.D.Ark.1965) (where an insurer repudiates its contractual obligation, as by denying the existence or validity of the contract, an insured entitled to disability payments is not limited in recovery to installments which have accrued up to time of suit, but may also recover the present value of future benefits); *Metropolitan Life Insurance Co. v. Harper,* 189 Ark. 170, 70 S.W.2d 1042 (1934).

The issue on appeal is whether the jury's implicit finding that appellant's Social Security disability benefits would terminate or be reduced to less than $243 per month at some time in the future before she reached age 65, had any foundation in fact. We hold that it did not and that the district court correctly disregarded the jury's finding. The district court erred, however, in granting appellee's motion for judgment notwithstanding the verdict. Judgment on the contract claim should have been entered for appellant in the amount of $978.20 based on the uncontroverted evidence that this amount was due appellant under the terms of the policy.

Accordingly, we affirm the judgment of the district court dismissing appellant's tort claim, reverse as to the contract claim, and remand with directions to enter judgment in favor of appellant in the amount of $978.20 plus interest.