Kevin Michael HALL, Appellant,

v.

MODERN WOODMEN OF
AMERICA, Appellee,

MODERN WOODMEN OF AMERICA,
Third Party Plaintiff,

v.

Michael A. ESCH, Third
Party Defendant.

No. 94–3995.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 6, 1995.

Decided Oct. 27, 1995.

John Ogles, Jacksonville, AR, for appellant.

T. Scott Clevenger, Little Rock, AR (Marshall S. Ney, on the brief), for appellee.

Before McMILLIAN, BOWMAN and MURPHY, Circuit Judges.

McMILLIAN, Circuit Judge.

In this diversity action, Kevin Michael Hall appeals the district court's[1] partial grant of summary judgment to defendant Modern Woodmen of America (MWA), and its subsequent dismissal of his suit for lack of jurisdiction. We affirm.

Following the death of Hall's wife, Ann Hall, MWA denied Hall's claim on a life insurance policy MWA had issued on Ann Hall, because the information reported on Ann Hall's insurance application materially misrepresented her true medical history. Hall sued MWA, alleging breach of contract and bad faith refusal to pay. He argued that because Michael Esch, the insurance agent who filled out the application, knew of Ann

Hall's true medical history, MWA was estopped from denying coverage on the policy. Hall sought $25,000 in compensatory damages (the face value of the policy) and $100,000 in punitive damages.

The district court granted summary judgment in favor of MWA on Hall's bad faith claim, concluding Esch's knowledge could not be imputed to MWA. The district court also concluded that Arkansas law did not allow punitive damages for breach of contract. Because Hall's remaining $25,000 breach of contract claim did not meet the jurisdictional amount-in-controversy requirement, the district court dismissed the complaint.

We review de novo the district court's grant of summary judgment. *See Mumford v. Godfried,* 52 F.3d 756, 759 (8th Cir.1995) (summary judgment standard of review); *see also Salve Regina College v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 1220–21, 113 L.Ed.2d 190 (1991) (district court's determination of state law reviewed de novo); *Missouri ex rel. Pemiscot County v. Western Sur. Co.,* 51 F.3d 170, 173 (8th Cir.1995).

Under Arkansas law, a bad-faith-refusal-to-pay claim requires a showing that the insurer engaged in affirmative misconduct, which must be dishonest, malicious, or oppressive, in an attempt to avoid its obligations under an insurance policy; the claim cannot be based on a good-faith denial of a claim by an insurer when an actual controversy exists with respect to liability on the policy. *See Aetna Casualty & Sur. Co. v. Broadway Arms Corp.,* 281 Ark. 128, 664 S.W.2d 463, 465 (1984); *Findley v. Time Ins. Co.,* 264 Ark. 647, 573 S.W.2d 908, 909–10 (1978) (en banc); *see also Smith v. Union Mut. Life Ins. Co.,* 726 F.2d 437, 439–40 (8th Cir.), *cert. denied,* 469 U.S. 981, 105 S.Ct. 384, 83 L.Ed.2d 318 (1984).

Misrepresentations in a life insurance application may prevent recovery under the policy if, inter alia, the insurer in good faith would not have issued the policy if it had known the true facts. *See* Ark.Code Ann.

1. The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas.

§ 23–79–107(a)(3) (Michie 1992). MWA presented evidence it relied on the application statements and would not have issued the policy had it known Ann Hall's true medical history. Hall presented no evidence of affirmative misconduct by MWA in an attempt to wrongly avoid liability on the policy. *See Bullock v. State Farm Mut. Auto. Ins. Co.*, 733 F.2d 63, 65 (8th Cir.1984) (per curiam) (no bad faith where insurer denied claim based on its investigation and dispute of facts over liability for accident).

The district court correctly determined that there is no basis for imputing to MWA Esch's knowledge of Ann Hall's medical history. Hall did not rebut MWA's evidence that Esch was a soliciting agent, not a general agent. *See Dodds v. Hanover Ins. Co.*, 317 Ark. 563, 880 S.W.2d 311, 314–15 (1994) (*Dodds*) (soliciting agent may only sell insurance and receive applications and agent's knowledge cannot be imputed to company he represents). The district court correctly concluded Hall did not produce sufficient evidence to support his assertion that Esch had apparent authority to bind MWA. *See* Fed.R.Civ.P. 56(e) (non-moving party must respond to supported summary judgment motion with evidence setting forth specific facts showing genuine issue for trial); *Dodds*, 880 S.W.2d at 315 (burden on insured to prove agent had authority to bind company); *Hunt v. Pyramid Life Ins. Co.*, 21 Ark.App. 261, 732 S.W.2d 167, 170 (1987) (en banc) (insured must prove apparent authority).

Hall argues that, under Arkansas law, an insurer can be estopped from denying coverage when its soliciting agent, knowing an applicant's true medical condition, fails to record the correct answers on an application. We have examined Hall's argument and Arkansas law, and we see no basis for concluding that Arkansas would impute Esch's knowledge to MWA for purposes of a bad-faith-refusal-to-pay claim.

The district court correctly dismissed Hall's action because it presented a claim for compensatory damages totaling only $25,000, an amount insufficient to support diversity jurisdiction. *See* 28 U.S.C. § 1332(a) ($50,-000 jurisdictional minimum); *Missouri ex rel. Pemiscot County v. Western Sur. Co.*, 51 F.3d at 173–74.

The judgment is affirmed.