James L. THOMPSON, et al.

v.

Liborio RADOSTA, et al.

Civ. A. No. 94–2719.

United States District Court, E.D. Louisiana.

Aug. 11, 1995.

Evan Eliot Tolchinsky, New Orleans, LA, James Thompson, New Orleans, LA, for plaintiffs.

David Ira Bordelon, Matthew J. Ungarino, Ungarino & Eckert, Metairie, LA, for defendant.

Leon Hirsch Rittenberg, III, Baldwin & Haspel, New Orleans, LA, for intervenors.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is plaintiff Aaron Washington's "Motion to Remand and Motion for Costs and Attorney's Fees," which were taken under submission on a previous date without oral argument. Having reviewed the memoranda of the parties, the record and the applicable law, the Court GRANTS plaintiff's motion insofar as it seeks remand of this matter to state court but DENIES plaintiff's request for attorneys' fees and/or costs.

### Background

Plaintiffs James Thompson and Aaron Washington originally filed this lawsuit in state court naming as defendants Radosta Libedria and Colonial Penn Insurance Company. (Attachment to R.Doc. 1.)[1] The lawsuit alleged that Washington was a passenger in a vehicle driven by Thompson when a vehicle driven by Libedria struck the Thompson vehicle. Colonial Penn Insurance Company (hereinafter "Colonial Penn") was named as a defendant as the insurer of the Libedria vehicle and as being liable *in solido* under Louisiana law with Libedria.

The individual defendant, whose proper name is apparently Liboria Radosta, was also named as a defendant. In the state-court petition, plaintiffs apparently transposed and misspelled the individual defendant's name. Further, at the time of the filing of the state-court petition, Mr. Radosta was deceased.[2]

After being served Colonial Penn removed this matter on the basis of diversity jurisdiction. (R.Doc. 1.)

In support of the instant motion, plaintiff argues that the lawsuit does not arise under federal law and that complete diversity does not exist between plaintiffs and defendants as all are citizens of the State of Louisiana.

In opposition, Colonial Penn argues that diversity jurisdiction exists because it is a citizen of a foreign state and that 28 U.S.C. § 1332(c), upon which plaintiff relies, is inapplicable because an insurance company only takes on the citizenship of its insured in a direct action in which the insured is not joined as a defendant. Colonial Penn contends that because Mr. Radosta was "fraudulently joined" as a defendant, Colonial Penn does not take on the Louisiana citizenship of Mr. Radosta but maintains its own foreign citizenship. Thus, diversity jurisdiction exists.

### Law and Application

#### I. Standard of Review

"The Supreme Court, paying a proper respect to the role of state courts in our federal

---

1. The instant motion was originally filed on behalf of both Thompson and Washington, but the Court granted the motions of Thompson and Aaron to disqualify their counsel following the filing of this motion. (R.Doc. 36.) Subsequently, counsel re-enrolled on behalf of Washington. (R.Doc. 39.) Thompson apparently has compromised his lawsuit against defendants and filed a motion to dismiss (R.Doc. 53), which the Court denied because his former counsel filed a motion to for leave to intervene (R.Doc. 48), which was granted by the Magistrate Judge. (R.Doc. 52.)

2. His succession was filed in state court approximately six months following removal.

structure, has ... instructed that federal courts are to construe [the removal] statute [3] against removal and in favor of remand." *York v. Horizon Federal Savings and Loan Association,* 712 F.Supp. 85, 87 (E.D.La. 1989) (Feldman, J.) *citing Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). If there is any doubt regarding the propriety of removal, it must be "resolved in favor of remand and state court jurisdiction." *York,* 712 F.Supp. at 87.

Further, "[o]nce a case has been removed, the removing party bears the burden of proving that the court has jurisdiction to hear the claim." *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.1993). "If the removing party alleges jurisdiction on the basis that non-diverse parties have been fraudulently joined, then the removing party must prove the existence of fraud." *Id.*

In order to prove fraudulent joinder, "[t]he removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Cavallini v. State Farm Mutual Auto Insurance Co.,* 44 F.3d 256, 259 (5th Cir.1995), *quoting Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir.1983). This burden is a "heavy one." *Id.*

■ In the present case, plaintiff would not have been able to establish a cause of action against the individual defendant because he was deceased and because his succession representative, who was an indispensable party, had not been named as a defendant. *See* LSA–C.C.P. Art. 734 (succession representative appointed by court is proper defendant in action to enforce obligation of the deceased). *See also Holland v. Unopened Succession of David Rollan Hol-*

*land,* 562 So.2d 1022, 1025 (La.App. 3rd Cir.), *writ. denied* 566 So.2d 399 (La.1990) (action cannot be brought against unopened succession for which no representative has been appointed *and* succession representative is an indispensable party in such an action).[4]

However, this finding does not end the inquiry. Because there was no cause of action against the individual defendant, the only defendant remaining in the state-court action was Colonial Penn as the insurer. The question is whether plaintiff could bring a lawsuit only against the insurer and, if so, the citizenship of the insurer. Under the Louisiana Direct Action Statute, LSA–R.S. 22:655B.(1), an individual may only bring an action against an insurer without naming the insured as a defendant under certain circumstances, one of which is that the insured is deceased. LSA–R.S. 22:655B.(1)(f). In a direct action in which the insured is not joined as a defendant, the insurer is "deemed [to be] a citizen of the State of which the insured is a citizen." 28 U.S.C. § 1332.

In view of the Louisiana Direct Action statute and the posture of this case at the time of removal, when subject matter jurisdiction is to be determined, *Nolan, supra,* the Court finds that because the only proper parties before the state court were plaintiffs and Colonial Penn, diversity of citizenship did not exist because Colonial Penn took on the Louisiana citizenship of the individual insured under 28 U.S.C. § 1332.

Hence, remand is proper under 28 U.S.C. § 1447(c), which provides that a case "shall be remanded" if at any time it appears this Court lacks subject matter jurisdiction.

## III. Attorneys' Fees and Costs

■ The Fifth Circuit has held that the propriety of defendant's removal is central in the Court's determination whether, within

---

**3.** 28 U.S.C. § 1446.

**4.** Plaintiffs' arguments that the Radosta succession was later added as a defendant after removal or that the amount in controversy is now less than $50,000, the jurisdiction amount necessary under 28 U.S.C. § 1332, are of no assistance. First, the propriety of removal is determined at the time of removal. *Nolan v. Boeing Co.,* 919

F.2d 1058, 1063, n. 5 (5th Cir.1990). Thus, the later addition of the succession as a defendant has no bearing. Second, events occurring after removal which reduce the amount in controversy do not destroy the district court's jurisdiction once it attaches. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 292–93, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938).

the its discretion, to impose attorneys' fee against defendant for improper removal. *Miranti v. Lee,* 3 F.3d 925, 928 (5th Cir. 1993). Although the Court has found that removal was improper, the Court finds that attorneys' fees should not be awarded against defendant due to the unusual factual circumstances surrounding this matter, as a result of which it was not readily apparent that removal was improper.

The award of costs is within the discretion of the Court and not dependent on the whether removal was proper. *Id.* at 929. For the same reason that the Court does not impose attorneys' fees, the Court declines to award costs in favor of plaintiff.

Accordingly,

IT IS ORDERED that plaintiff Aaron Washington's "Motion to Remand and Motion for Costs and Attorney's Fees" is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that this matter be REMANDED to state court.

IT IS FURTHER ORDERED that defendant's motion to dismiss the intervention set to be heard in this matter on August 16, 1995, be removed from the docket due to the remand of this matter.

New Orleans, Louisiana, this 9th day of August, 1995.