998 F.Supp. 1088 (1998)
COMMERCIAL COVERAGE, INC., Plaintiff,
v.
PARADIGM INSURANCE CO., Defendant.
No. 4:97CV2418SNL.
United States District Court, E.D. Missouri, Eastern Division.
March 19, 1998.
*1089 Stanley M. Brandmeyer, St. Louis, MO, for Plaintiff.
W. Dudley McCarter, III, Christopher L. Kanzler, Behr and Mantovani, St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
Plaintiff originally brought this declaratory judgment action in state court. Plaintiff, an insurance broker and general agent for various insurance companies, avers that it entered into a "General Agent Agreement" with defendant, a commercial insurance provider. Plaintiff further avers that in accordance with the terms of this Agreement, it formally tendered a notice of termination of agreement to defendant; and along with this notice of termination, a formal demand for the return of proprietary information and materials that plaintiff had given to defendant during the course of their contractual relationship. Plaintiff contends that defendant has refused to return this information and materials, and further refuses to provided an accounting of the business generated by Plaintiff on behalf of the defendant with regard to a program of insurance called the "Artisan Insurance Program". Plaintiff filed this action seeking a preliminary injunction, accounting, and attorneys' fees arising out of the "General Agent Agreement" allegedly entered into between the parties.
Defendant removed the lawsuit to federal court on the basis of diversity jurisdiction. Shortly thereafter, defendant filed a motion to dismiss, or in the alternative, to stay and compel arbitration (# 6), filed December 10, 1997. In lieu of a formal response to the defendant's motion, plaintiff filed a motion to remand (# 8), filed December 31, 1997. Defendant filed a responsive pleading to the motion to remand. Consequently, presently pending before the Court is the defendant's motion to dismiss, or in the alternative, to stay and compel arbitration (# 6); and the plaintiff's motion to remand (# 8).
At this time, the Court will address only the plaintiff's motion to remand (# 8). If the Court grants the motion, the defendant's motion to dismiss, or in the alternative, to stay and to compel arbitration is a moot matter. However, if the Court should deny the plaintiff's motion to remand, plaintiff intends to file a separate response to the motion to dismiss (which the Court has indicated to counsel that it would grant plaintiff leave to file such a response).
Plaintiff contends that this lawsuit should be remanded to state court because it fails to meet the "amount in controversy" requirement for federal diversity jurisdiction; i.e. seeks only equitable relief.[1] Defendant contends *1090 that although no specific amount in damages is pled, the jurisdictional amount requirement is met for two (2) reasons: firstly, punitives and attorneys' fees are included in the computation of the jurisdictional amount; and secondly, this lawsuit involves the same subject matter involving over $400,000.00 currently being arbitrated in Cleveland, Ohio.[2] After careful consideration of the matter, the Court determines that this cause of action was improperly removed and should be remanded because defendant has failed to meet its burden in establishing that the jurisdictional amount has been met.
Defendant removed this action from state court under 28 U.S.C. § 1441(a) on the ground that the federal court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332. There is no dispute that the diversity of citizenship requirement of § 1332(a) has been met. The issue before the Court is whether the jurisdictional amount; i.e. "amount in controversy" requirement is met.
Generally, the party asserting federal jurisdiction has the burden of establishing federal jurisdiction; thus, in the instant case, defendant Paradigm, as the removing party, has the burden of proving the jurisdictional amount. What the standard of proof for meeting this burden appears to be a matter of differing opinions in this circuit, especially in cases wherein the state court complaint does not specify the amount of damages sought or only contains a claim for more than a specified amount (which is less than the requisite federal jurisdictional amount). One standard utilized by some courts requires the party asserting federal jurisdiction to show to "a legal certainty" that the amount sought exceeds $75,000.00.[3]Larkin v. Brown, 41 F.3d 387, 388 (8th Cir.1994); Allison et al. v. Security Benefit Life Ins. Co., 980 F.2d 1213, 1215 (8th Cir.1992); Visintine v. Saab Automobile A.B., 891 F.Supp. 496, 497 (E.D.Mo. 1995). Another standard requires the party asserting federal jurisdiction to prove by "a preponderance of the evidence" that the jurisdictional amount has been met. Gilmer v. Walt Disney Co., 915 F.Supp. 1001, 1006 (W.D.Ark.1996) (citations omitted); McCorkindale v. American Home Assurance Co., 909 F.Supp. 646, 652-53 (N.D.Iowa 1995). Finally, the Eighth Circuit Court of Appeals (subsequent to its Larkin decision) confused the matter by setting forth a hybrid standard:
"However, when a federal complaint alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence. Once jurisdiction is challenged, `if, from the proofs, the court is satisfied to a [legal] certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.'"
State of Missouri ex. rel. Pemiscot County, Missouri v. Western Surety Co., 51 F.3d 170, 173 (8th Cir.1995).
After reviewing these cases and the application of the differing standards, the Court concurs with the Gilmer Court's findings that the "legal certainty" test is generally applied to actions originally filed in federal court (and the plaintiff is the party asserting federal jurisdiction), as well as to actions removed to federal court from state court *1091 wherein the plaintiff's prayer is for a specified amount of damages. This Court further concurs with the district courts' finding in Gilmer and McCorkindale that the Eighth Circuit appears not to have yet decided on the burden of proof to be applied in removal cases where the plaintiff has sought an unspecified amount of damages.[4] The Gilmer and McCorkindale courts further found, however, that courts in other circuits have generally applied "a preponderance of the evidence" burden of proof in removal actions where the complaint has failed to specify the damages sought. They were persuaded by the reasoning of these courts and adopted the "preponderance of evidence" standard for cases removed to federal court in which the state court complaint fails to specify the damages sought. Gilmer, at 1005-1007; McCorkindale, at 652-53.
Although this Court concurs with the reasoning of courts adopting the "preponderance of evidence" standard of proof in removal actions wherein the state court complaint fails to specify the damages sought, it believes that the affirmative adoption of one standard over another is not necessary in this case (a matter best left to the appellate court to decide at a future time) because under either standard the defendant has failed to present any specific facts or evidence which demonstrates that the jurisdictional amount has been met.
In order for diversity jurisdiction to attach, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. In determining the requisite jurisdictional amount, both punitive damages and attorneys' fees are considered. State of Missouri, ex rel. Pemiscot County, Missouri v. Western Surety Co., at 173; Larkin v. Brown, at 388-89; Allison, et al. v. Security Benefit Life Ins. Co., at 1215; Capitol Indem. Corp. v. Miles, 978 F.2d 437, 438 (8th Cir.1992); Visintine v. Saab Automobile A.B., et al., at 487. In considering the inclusion of punitives in the computation of the jurisdictional amount, the "existence of the required amount must be supported by competent proof." Larkin, at 388-89 quoting Esler v. Northrop Corp., 86 F.R.D. 20, 28 (W.D.Mo.1979). A claim for punitive damages must be more closely scrutinized than a claim for actual damages in order to "ensure that Congress's [sic] limits on diversity jurisdiction are properly observed." Pemiscot County, at 173; see also, Larkin, at 389; Visintine, at 498.
Finally, the "well-pleaded complaint" rule requires that the basis of federal jurisdiction appear from the fact of the complaint and not from the plaintiff's anticipation of defenses or the defendant's responsive pleadings. Reding v. FDIC, 942 F.2d 1254, 1257 (8th Cir. 1991). Any doubts about the validity of removal jurisdiction must be resolved in favor of remand of the action to state court. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir.1993).
After careful consideration of the matter, in accordance with the afore-referenced legal principles, this Court determines that defendant has failed to meet its burden in establishing diversity jurisdiction and that this action should be remanded to the state court.
Defendant Paradigm asserts that the jurisdictional amount has been met by virtue of another dispute currently being arbitrated. It asserts that no contract exists between plaintiff and defendant but rather the only contract bearing on this dispute exists between plaintiff and another entity known as Tri-State Insurance Co. Furthermore, defendant asserts that since the damages asserted in this other dispute involves over $400,000, then ipso facto, the dispute in this case involves at least $400,000. Finally, defendant asserts that the jurisdictional amount is met because plaintiff's claim for punitives and attorneys' fees must total over $75,000.
The Court finds defendant's arguments for removal jurisdiction to be meritless. Plaintiff's cause of action is against *1092 defendant Paradigm, not some other entity known as Tri-Star Insurance. Whether or not a contractual relationship exists between these two parties goes to the merits of the action, and is not a proper issue for consideration regarding diversity jurisdiction. The fact that another dispute exists between plaintiff and Tri-Star and that dispute involves damages in excess of $400,000.00 is irrelevant to this Court's consideration of whether the jurisdictional amount has been met in this case. Defendant has offered no caselaw which supports its contention that damages involved in another lawsuit involving the plaintiff can be imputed to this lawsuit in order to meet the jurisdictional amount.
Furthermore, plaintiff's complaint does not make any claim for punitive damages. It seeks only an injunction, an accounting, return of proprietary materials and information, attorneys' fees, and "such other and further relief as the Court deems just and proper in the premises." There is no clear demand for punitive damages; nor has the defendant shown that plaintiff would be entitled to punitives, under Missouri law, for this injunctive action. With regard to the claim for attorneys' fees, once again defendant has failed to provide any evidence that such fees would exceed $75,000.00.
The amount-in-controversy, for purposes of establishing diversity jurisdiction, in a suit for injunctive relief is measured by the value to the plaintiff of the claim asserted or sought to be enforced. Burns v. Massachusetts Mutual Life Ins. Co., 820 F.2d 246, 248 (8th Cir.1987); Visintine, at 499 citing Massachusetts State Pharmaceutical Association v. Federal Prescription Service, Inc., 431 F.2d 130 (8th Cir.1970). Defendant has provided no evidence as to the value of the claims asserted by the plaintiff. Although the Court can speculate that the value of its proprietary information may exceed $75,000.00 or the value of the business it generated for defendant under the "Artisan Insurance Program" exceeds $75,000.00, such speculation hardly meets the standard of "legal certainty" or "preponderance of the evidence". Since the plaintiff seeks an accounting of the business generated by the program, it must be assumed that the plaintiff, at this time, lacks the necessary information to support a specific claim for damages.
It is this Court's considered opinion that the defendant has failed to prove the requisite amount by a preponderance of the evidence and that this Court cannot with legal certainty state that the plaintiff's complaint states a claim for the jurisdictional amount. Consequently, this Court will grant the plaintiff's motion to remand.
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion to remand (# 8) be and is GRANTED. This cause of action, along with any and all pending motions, shall be REMANDED to the Circuit Court for the County of St. Louis. No further action shall be taken in this case and this cause of action shall be removed from the Court's trial docket of April 5, 1999.
IT IS FINALLY ORDERED that defendant's motion to dismiss, or in the alternative, to stay and to compel arbitration shall be remanded (# 6), along with this cause of action, to the state court for disposition.
NOTES
[1] Plaintiff also avers that the removal is defective on other grounds. However, these grounds simply challenge the alleged factual basis giving rise to the defendant removing this case to federal court. The significant issue raised by the motion to remand, and addressed by this order, is whether the complaint alleges a sufficient amount in controversy to establish diversity jurisdiction.
[2] Defendant also argues that the Court should deny the motion to remand because it fails to have an accompanying memorandum of law in support. Although plaintiff has violated Local Rule 4.01(A), the Court believes that once the issue of jurisdiction has been raised, it is incumbent upon the Court to address the issue regardless of the plaintiff's failure to adhere to the Local Rules. However, the Court strongly advises plaintiff's counsel that if he wishes to litigate in federal court, he should familiarize himself with the Federal Rules of Civil Procedure and the Eastern District of Missouri, Eastern Division's local rules.
[3] The cases cited by the Court predate the latest amendment to § 1332 which increased the jurisdictional amount from $50,000.00 to $75,000.00. Although the cited cases were considered when the jurisdictional amount was $50,000.00, their analysis and holdings are equally applicable to current cases (such as the instant one) wherein the jurisdictional amount is $75,000.00.
[4] The Pemiscot County, Larkin, and Allison cases were not removal cases, and the federal complaints alleged a sufficient amount in controversy to establish diversity jurisdiction; however, either the court or the defendant sought dismissal of the action by challenging the amount alleged. The Visintine case was a removal case; however, it was a class action case in which the plaintiffs specifically averred that the total actual and punitive damages sought by each class member was under the jurisdictional amount in effect at the time.