Bernadine S. **MORRIS**

v.

Nancy Dianne **NAUGLE**, et al.

Civ. No. PN–89–2549.

United States District Court,
D. Maryland.

Oct. 24, 1989.

Frank L. Lipshultz, and Lipshultz and Hone, Silver Spring, Md., for plaintiff.

Geoffrey S. Tobias, Peter J. McNamara, and Ober, Kaler, Grimes & Shriver, Baltimore, Md., for defendants Nancy Dianne Naugle and AFB Freight System, Inc.

## MEMORANDUM AND ORDER

NIEMEYER, District Judge.

Plaintiff's personal injury suit, which was filed originally in the Circuit Court for Prince George's County, Maryland, was removed to this Court by defendants by reason of diversity of citizenship and the jurisdictional amount. *See* 28 U.S.C. §§ 1441 and 1332. The complaint, which alleges "serious, permanent, painful injuries to [plaintiff's] head, legs, neck, back and chest," pain and mental anguish, and loss of income and medical expenses, demands $200,000 in damages.

After removal, the plaintiff filed a motion to remand in which she argues that her "good faith belief at present is that her claim does not exceed $50,000" and that therefore the jurisdictional amount required by 28 U.S.C. § 1332(a) has not been satisfied. By way of explanation, plaintiff states that at the time of the filing of the complaint, the full damages had not yet been established because of ongoing medical treatment and that her demand for $200,000 damages was "a good faith estimation." Although the record does not reveal what occurred between the time that the complaint was filed on July 20, 1989 and September 18, 1989, when plaintiff filed her motion to remand, to enable her to crystalize her estimate of her damages, she states in her motions papers that "at present, her damages do not exceed $50,-000," and again that "it is her present good faith belief that her claims against the various defendants, either singly or in the aggregate, do not exceed $50,000." She contends that it is "fundamental that should it become obvious during any point in litigation that the requisite sum cannot be met, the Court will be considered to have been without jurisdiction to hear the case *ab initio. Reyes v. Eastern Airlines, Inc.,* 528 F.Supp. [765,] 767 (D. Puerto Rico 1981)."

Quite apart from the fact that the *Reyes* case does not stand for the proposition for which it is cited, if plaintiff's contention were an accurate statement of jurisdictional principles, at any time that a verdict was returned for an amount less than the requisite jurisdictional amount the courts' power would dissolve. A defendant in the federal court under diversity of jurisdiction would therefore never be able to succeed in holding a verdict to less than $50,000.

The required jurisdictional amount under 28 U.S.C. § 1332(a) is satisfied by reference to the allegations of the complaint that are made in good faith, and the sums demanded in the complaint control. When a plaintiff alleges and invokes federal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, the burden falls on the defendant seeking to divest the court of jurisdiction to show "to a legal certainty" that the claim is really for less than the jurisdictional amount. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). When, however, the plaintiff alleges an amount of damages which would satisfy the federal jurisdictional amount, but elects to file suit in a state court and the defendant thereafter

removes in reliance on the jurisdictional amount alleged, there is a "strong presumption" that the amount so alleged was not fixed with the intent to confer federal jurisdiction. *Id.* at 290, 58 S.Ct. at 591. That presumption, together with the statement of the plaintiff that at the time suit was filed she believed in good faith that $200,000 was a proper claim for damages leads this Court to conclude that the plaintiff's claim was not made with knowledge that she had no possibility of recovering less than the jurisdictional amount. The Court accepts that the claim for damages made in the complaint was asserted in good faith for determining the basis of jurisdiction.

 The plaintiff apparently does not challenge these principles but contends that because she has now reduced her claim to damages below the jurisdictional amount, the Court is divested of jurisdiction. As an aside, it will be observed that she did not amend her complaint or indicate that she was claiming no more than $50,000. On the contrary, she contends that *"at present* her damages do not exceed $50,000." Nevertheless, for purposes of alleging the jurisdictional amount, the allegations of the complaint, which were made apparently in good faith, will control, and subsequent events that reduce the amount of recovery will not deprive the Court of jurisdiction. Similarly, once jurisdiction attaches, a voluntary reduction by plaintiff of her demand below the jurisdictional amount will not cause divestment of jurisdiction. As the Court stated in *St. Paul Indemnity:*

> And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.

303 U.S. at 292, 58 S.Ct. at 592. Jurisdiction is thus determined, not by hindsight, but by reasoned foresight, regardless of what subsequently happens. If, on the other hand, it is shown even at a later time that at the time the plaintiff filed her complaint, she could not have recovered, *to a legal certainty,* the amount demanded, a different result would follow. 303 U.S. at 289, 58 S.Ct. at 590. *See* cases cited in 14A Wright, Miller & Cooper, Federal Practice and Procedure, § 3702 at p. 54 *et seq.* (1985).

Jurisdiction has been conferred on the Court in this case by removal of a suit between parties of diverse citizenship in which the plaintiff in good faith has made a demand for $200,000 in damages. Once jurisdiction is lodged, the power of the Court will not be divested by the statement that "at present" plaintiff does not believe her damages exceed $50,000.

Accordingly, it is Ordered this 24th day of October, 1989, that:

1. The motion of the plaintiff to remand is denied.