**NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**WHITEFORD SYSTEMS, INC., et al., Defendants.**

No. C–2–89–709.

United States District Court, S.D. Ohio, E.D.

March 20, 1992.

Grey Wilbur Jones, Columbus, Ohio, for plaintiff.

Michael Joseph Rourke and Stephen Douglas Jones, Columbus, Ohio, for defendants.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This Motion for Prejudgment Attachment has been made by the plaintiff in the

action, Nationwide Mutual Insurance Company ("Nationwide" or "Plaintiff"). Nationwide has moved this Court for an order to attach certain assets and bank accounts of the individual defendant in the action, Ronald Whiteford. For the reasons that follow, Nationwide's motion for prejudgment attachment is DENIED.

## I. STATEMENT OF THE CASE

Plaintiff Nationwide, a corporation with its principal place of business in Ohio, initiated this action in mid–1989 against Defendants Whiteford Truck Lines, Inc., Whiteford Nationalease, Inc., and Ronald Whiteford, the owner of the corporate defendants, all of which are Indiana entities. Nationwide named other parties as defendants in this action, some of whom have since been dismissed due to the Court's lack of personal jurisdiction. In its complaint, Nationwide sought to recover unpaid insurance policy deductible amounts totalling over $188,000. Nationwide claims that it paid these amounts on behalf of defendants Whiteford Truck Lines, Inc. and Whiteford Nationalease, Inc., pursuant to comprehensive policies issued to them. Plaintiff Nationwide asserts that the corporate defendants were in reality the "alter ego" of Defendant Ronald Whiteford. Consequently, argues Nationwide, Ronald Whiteford should be liable for any unpaid insurance deductibles due from the corporate defendants.

Plaintiff has previously filed a Motion for Prejudgment Attachment of Ronald Whiteford's assets. On November 19, 1990, this Court denied that motion. This Court determined that Plaintiff had not demonstrated irreparable harm would occur without the extraordinary action of ordering the attachment of Ronald Whiteford's assets prior to any judgment. This Court noted that Defendant Ronald Whiteford remained a defendant in the action and would be held personally liable for the debts if the evidence so warranted. The Court concluded that, should Plaintiff ultimately prevail on the merits of the action, ample avenues existed for Plaintiff to execute upon the judgment.

In mid–1991, some six months after this Court denied Plaintiff's first Motion for Prejudgment Attachment, Plaintiff again moved for an order to attach certain of Ronald Whiteford's assets. Unknown to either this Court or the Plaintiff, Defendant Whiteford Transport Systems had sold its remaining assets and ceased operations in late October 1990. Plaintiff received a letter in January of 1991 apprising it of the transaction. The letter further disclosed that a portion of the proceeds, including cash and $4.2 million in promissory notes from the purchasers of the assets, had been placed with an Indiana bank. The bank took these assets pursuant to an escrow agreement executed by the defendants. The defendants claim that the escrow is to serve as a mechanism to provide for the orderly and equitable payment of all of the creditors of Whiteford Transport Systems, Inc. Plaintiff Nationwide claims that this arrangement demonstrates Ronald Whiteford's attempts to avoid creditors of Whiteford Transport Systems, Inc.

Two additional developments warrant mention before the Court begins its analysis. First, Whiteford Transport Systems, in the October 1990 sale of its remaining assets, received $6 million in cash, in addition to over $4.2 million in promissory notes. While Plaintiff Nationwide makes no mention in its memorandum of the disposition of the large cash payment, the Court must question why no substantial portion of this amount was placed with the escrow agent to provide a liquid fund for the equitable treatment of the corporation's creditors.

A second, and in the Court's view, critical development is that during the pendency of this action, the defendants have voluntarily paid a substantial portion of the amount originally claimed. The amount of unpaid premiums in dispute now stands at approximately $28,000.

## II. NATIONWIDE'S LATEST MOTION FOR ATTACHMENT

### Subject Matter Jurisdiction

As a preliminary matter, the Court notes that it retains jurisdiction in

this action based on the diversity of citizenship of the parties. 28 U.S.C. § 1332. Plaintiff Nationwide's original demand in this action, excluding interest and costs, exceeded the statutory threshold amount of $50,000. Although Defendant's payments to Nationwide during the pendency of the action have reduced the amount in controversy below this threshold, this Court's jurisdiction continues nonetheless. *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir.1990); *Sellers v. O'Connell*, 701 F.2d 575 (6th Cir.1983). The rule in this and other circuits is that events subsequent to the filing of a complaint do not divest a district court of its jurisdiction. *Id.; see also Nationwide Mutual Fire Ins. Co. v. T & D Cottage Auto Parts & Service, Inc.*, 705 F.2d 685 (3d Cir.1983); *Morris v. Naugle*, 722 F.Supp. 1285 (D.Md.1989). Having acknowledged that subject matter jurisdiction exists in this diversity action, the Court now turns to Plaintiff's Motion for Prejudgment Attachment.

### *Plaintiff's Motion for Prejudgment Attachment*

■ The Court's analysis begins with Rule 64 of the Federal Rules of Civil Procedure. That rule dictates that all remedies to secure the satisfaction of a judgment, such as attachment or garnishment, are available only under the circumstances and in the manner provided by the law, determined at the time the remedy is sought, of the forum state of the federal court. Fed. R.Civ.P. 64. The rule excepts from its scope those situations in which federal law governs the availability of the remedy. Neither the parties' nor this Court's own research has revealed any applicable federal statutes that govern here. Therefore, the Court must look to the current laws of Ohio to determine if prejudgment attachment is now appropriate in this action.

The Court's order of November 19, 1990 discussed the Ohio statutory framework for the remedy of attachment. Ohio law has remained substantially unchanged in that period. Consequently, the Court's discussion from that Order regarding Ohio attachment law is repeated here, with only minor changes.

The governing law for a prejudgment attachment is found in a series of interrelated statutory provisions. Ohio Revised Code Ann. Section 2715.01 (Anderson Supp. 1991) provides in pertinent part:

(A) An attachment against the property, other than personal earnings of a defendant, may be had in a civil action for the recovery of money, at or after its commencement, upon any one of the following grounds.

\* \* \* \* \* \*

(9) that the defendant has assigned, removed, disposed of, or is about to dispose of, his property, in whole or in part, with the intent to defraud creditors.

Before an Ohio court or this Court can grant a prejudgment motion as described above, the Court and Plaintiff's counsel must apply to several safeguards.

■ The motion for prejudgment attachment must set forth the following information: The nature and legal basis for the claim, facts that support at least one of the grounds for attachment contained in section 2715.01 of the Revised Code, and a description, the location, and approximate value of the property sought. Ohio Rev. Code Ann. § 2715.041 (Anderson Supp. 1991). Only upon determining that Plaintiff has satisfied these requirements may the Court consider the actual motion for attachment.

The customary procedure is for the defendant to request a hearing on the plaintiff's motion for prejudgment attachment. Ohio Rev.Code Ann. § 2715.04. If the defendant does not request a hearing within five business days a court may issue the order for a prejudgment attachment or on its own volition schedule a hearing on the motion. Ohio Rev.Code Ann. §§ 2715.04, 2715.043. If the plaintiff demonstrates that irreparable harm will occur if the immediate order for prejudgment attachment is not granted, the court may immediately grant that order. Ohio Rev.Code Ann. § 2715.045.

In addition to the safeguards discussed above, Ohio law imposes additional require-

ments for an order of attachment when certain conditions exist. If the plaintiff seeks attachment 1) prior to entry of judgment, and 2) against property in the possession of a person other than the debtor, then the further requirements of a garnishment proceeding under section 2715.091 must be followed as well. Both of those conditions exist in this action. Therefore, were this Court to issue an order to attach, the further procedural safeguards of that section would have to be followed. In addition, to make the order of attachment effective, Plaintiff would be required to post a bond or cash deposit equal to twice the value of the property attached as security. Ohio Rev.Code Ann. § 2715.044 (Anderson Supp. 1991).

Such drastic action will not be necessary, however, since the Court again does not consider an order for attachment appropriate at this time. In the Court's view, only two substantive developments have occurred since Plaintiff's last motion for prejudgment attachment was denied. First, the October 1990 sale, of Whiteford Transport Systems, Inc. during the pendency of this action, indisputably generated over $10 million in proceeds ($6 million in cash and $4.2 million in notes). Plaintiff makes much of the fact that this sale was not disclosed until some three months later, and that several important pieces of information regarding the escrow arrangement (*e.g.* terms of the promissory notes) have yet to be disclosed. In addition, as this Court noted, little of the *cash* proceeds were deposited with the escrow agent.

The second factual development since this Court denied Plaintiff's first motion is the defendants' voluntary tender of payment of much of the original amount claimed. These voluntary payments have reduced the principal amount of the claim to approximately $28,000. (A sizable claim for interest on the unpaid amounts remains unpaid.)

### CONCLUSION

In considering these most recent developments, the Court does not consider an order for prejudgment attachment appropri-

ate. Although certain of defendants' actions during the pendency of this action hint of fraudulent intent, the Court finds other countervailing considerations persuasive. Specifically, the defendants have voluntarily tendered a substantial portion of the original claim. In addition, in winding up the affairs of Whiteford Transport Systems, Inc., the defendants have sought to provide an orderly and equitable procedure in the form of an independent escrow arrangement. In view of these considerations, an order to attach the assets of Defendant Ronald Whiteford is not warranted. The Court reiterates, however, that Ronald Whiteford will be held personally liable for all debts (including the unpaid insurance deductibles and accrued interest) if sufficient evidence is placed before the Court. Plaintiff's Motion for Prejudgment Attachment is hereby DENIED.

IT IS SO ORDERED.