**Michael LARKIN, Plaintiff–Appellant,**

v.

**Thomas BROWN, Defendant–Appellee.**

No. 93–2447.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1994.

Decided Nov. 29, 1994.

R. Gregory Bailey, St. Louis, MO, for appellant.

Ira M. Berkowitz, St. Louis, MO, for appellee.

Before McMILLIAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and MAGILL, Circuit Judge.

JOHN R. GIBSON, Senior Circuit Judge.

Plaintiff Michael Larkin appeals the district court's[1] dismissal of his complaint for lack of diversity jurisdiction. We affirm.

Larkin, a Missouri citizen, filed a complaint against Brown, a Connecticut citizen, alleging assault and battery. Both are TWA pilots and members of the Air Line Pilot's Association (ALPA), a pilot's union. During a social hour following a union meeting in Maryland Heights, Missouri, Brown allegedly struck Larkin, threw him to the floor, and struck him again. As a result, Larkin suffered two fractured ribs and other injuries. Brown alleges self-defense.

Larkin seeks actual damages for medical bills and lost wages. The record before us contains documentation of approximately $200 in medical bills. The record also reveals that Larkin was discharged for chronic absenteeism, which he attributes to this incident. Although Larkin claims $10,000 in lost wages, an arbitration award ordered that TWA reinstate Larkin and "make him whole for lost pay and benefits."

Larkin also seeks punitive damages and relies upon letters from Brown to Larkin and others to demonstrate Brown's malicious motive. In these letters, Brown refers to Larkin as "little Mikey," alleges that Larkin is an alcoholic, and makes various other disparaging references. In a letter to the ALPA hearing board, Brown compares the Larkin "antics" to "mildly annoying, pus-filled growths which one can occasionally find on one's posterior." Brown goes on to say that "[i]t is tempting to just ignore them until they go away, but the minor discomfort will likely be shortened if you just turn around and drain the pus (or in this case, hot air) out of the pesky things."

The district court granted Brown's motion to dismiss for lack of jurisdictional requirement. *Larkin v. Brown,* No. 90–1075C(6) (E.D.Mo. April 8, 1993); 28 U.S.C. § 1332 (1988). Larkin claimed only $200 in medical expenses and $10,000 of lost wages. *Larkin,* slip op. at 3. The court held that "[u]nder current Missouri law, it would appear that [Larkin] would not be able to recover punitive damages." *Id.* at 2. Further, the court held that even if Larkin could recover punitives, he could not recover sufficient punitive damages to meet the jurisdictional requirement. *Id.* at 3.

Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *J.E. Allison v. Security Benefit Life Ins. Co.,* 980 F.2d 1213, 1215 (8th Cir.1992). Although punitive damages are included in the amount of controversy, *Allison,* 980 F.2d at 1215, the "existence of the required

---

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

amount must be supported by competent proof." *Esler v. Northrop Corp.*, 86 F.R.D. 20, 28 (W.D.Mo.1979). Indeed, when determining the amount in controversy, "a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages." *Zahn v. International Paper Co.*, 469 F.2d 1033, 1034 n. 1 (2d Cir.1972), *aff'd*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973).

We affirm the trial court's dismissal due to deficient jurisdictional amount for two reasons: (1) in answer to defendant's interrogatories, plaintiff's counsel stated that the total amount of damages was $50,000.00; and (2) on the record before us, Larkin could not recover punitive damages under Missouri law.

■ First, for diversity jurisdiction to attach, the amount in controversy must *exceed* $50,000.00. 28 U.S.C. § 1332. In answer to Brown's interrogatory asking him to "[s]tate with particularity the total amount of damages you are seeking in this lawsuit," Larkin stated "$50,000.00." Both Larkin and his counsel signed the interrogatories. In determining the amount in controversy pursuant to a motion to dismiss, answers to interrogatories serve as the equivalent of affidavits to either support or defeat diversity jurisdiction. *See Zunamon v. Brown*, 418 F.2d 883, 887 (8th Cir.1969). Although they were but a penny shy, Larkin and his counsel have defeated their own cause by failing to allege the jurisdictional amount.

■ Moreover, even if we did reach the substance of the motion to dismiss, we would affirm the dismissal based on Larkin's inability to recover punitive damages on these facts. Under Missouri law,

> punitive damages require a showing of a culpable mental state on the part of the defendant, either by a wanton, willful or outrageous act or reckless disregard (from which evil motive is inferred) for an act's consequences.... It is not so much the commission of the intentional tort as the conduct or motives—the defendant's state

of mind—which prompted its commission that form the basis for a punitive damage award. Plaintiff must prove that defendant's evil hand was guided by an evil mind.

*Burnett v. Griffith*, 769 S.W.2d 780, 787 (Mo. 1989) (en banc) (footnote and citation omitted).

Stripped to its essence, this case involves mud-slinging between two airline pilots at a social hour after a union meeting. Although Brown's previous letters evidence his social impropriety and generally obnoxious nature, these letters do not demonstrate Brown's intent at the time of the battery. We agree with the district court that Brown's comments do not rise above the level of name-calling to demonstrate Brown's culpable mental state: the evil motive guiding the evil hand. Brown's actions will not support the recovery of punitive damages. *See, Larkin,* slip op. at 3.[2]

Assuming, however, that Brown intentionally assaulted Larkin without excuse or defense, Larkin is entitled to actual damages. Thus, we affirm the dismissal without prejudice to enable Larkin to bring his cause in the appropriate state court.

---

**2.** The district court also held that even were punitive damages recoverable in this case, the total amount in controversy would still fall short of the jurisdictional amount. *Larkin,* slip op. at 3. Although we need not reach the issue, we have no quarrel with this conclusion.