**MORRIS B. CHAPMAN & ASSOCIATES,**
Plaintiff,

v.

**UNION PACIFIC RAILROAD COMPANY, Defendant.**

No. 7:CV95–3170.

United States District Court,
D. Nebraska.

March 18, 1996.

## MEMORANDUM AND ORDER

CAMBRIDGE, Chief Judge.

This matter is before the Court on Magistrate Judge Piester's Report and Recommendation (filing 17). No objections to such report and recommendation have been filed as allowed by 28 U.S.C. § 636(b)(1)(C) and NELR 72.4.

The Court has reviewed the Magistrate Judge's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and NELR 72.4 and finds after *de novo* review that the report and recommendation should be adopted. As a result, Defendant's motion to dismiss for lack of subject matter jurisdiction will be denied. Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (filing 17) is adopted; and

2. Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3) (filing 8) is denied.

## MEMORANDUM, ORDER, AND RECOMMENDATION

PIESTER, United States Magistrate Judge.

Before the court for consideration are defendant's motion to dismiss (filing 8) and plaintiff's motion to disqualify defense counsel (filing 15). For the reasons discussed below, I shall recommend that defendant's motion to dismiss be denied and shall further deny plaintiff's motion to disqualify.

In its motion to dismiss [1] defendant asserts that the court lacks subject matter jurisdiction over this action because the amount in controversy does not satisfy the provisions of 28 U.S.C. § 1332(a).

A complaint that alleges in good faith a jurisdictional amount in excess of $50,000 will suffice to confer diversity jurisdiction upon the court. *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir.1994); 28 U.S.C. § 1332. However, where the defendant questions the legitimacy of the alleged amount, the plaintiff has the burden of proving the requisite

James D. McFarland, Burns, Grenier Law Firm, Lincoln, NE, for plaintiff.

Raymond J. Hasiak, Jr., Union Pacific Law Department, Omaha, NE, for defendant.

---

1. The motion to dismiss was brought pursuant to *Fed.R.Civ.P.* 12(h)(3). (*See* filing 8.)

amount. *State of Mo. ex rel. Pemiscot Cty. v. Western Sur.*, 51 F.3d 170, 173 (8th Cir. 1995). If it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount," the complaint will be dismissed. *Larkin, supra* (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)).

Plaintiff seeks recovery of fees and expenses arising from its representation of Harold E. Cluck in a previous lawsuit against the defendant. *Cluck v. Union Pacific*, 7:CV91–164. In its complaint, filed May 10, 1995, plaintiff specifically prays for "43,750.00 in attorney's fees owed in regard to its representation of Harold E. Cluck against defendant" and for "24,485.58 in expenses incurred in regard to its representation of Harold E. Cluck against defendant." (*See* filing 1.) Also in its complaint plaintiff alleges that defendant "acknowledged as reasonable" the $43,750 in attorney's fees by depositing that amount with the clerk of this court. (*Id.* at ¶ 9.) An exhibit submitted with the complaint suggests that, on or about August 30, 1994, defendant did, in fact, deposit a sight draft in the amount of $43,750 with the clerk's office "representing payment of the lien of Morris B. Chapman & Associates." (*Id.* at Exhibit D.)

In its motion to dismiss defendant maintains that because it "has already offered, and attempted to pay, the sum of $43,750 to the Plaintiff," that amount is not in controversy. (Filing 8.) Defendant further maintains that the remaining damages prayed for in plaintiff's complaint are not sufficient to satisfy the jurisdictional requirement. *Id.*

The amount-in-controversy requirement in actions brought pursuant to this court's diversity jurisdiction, 28 U.S.C. § 1332, must be satisfied at the time the complaint is filed. *See e.g. Zunamon v. Brown*, 418 F.2d 883, 887 (8th Cir.1969); *LFC Lessors, Inc. v. Pacific Sewer Maint. Corp.*, 739 F.2d 4 (1st Cir.1984); *Lindsey v. M.A. Zeccola & Sons, Inc.*, 26 F.3d 1236 (3rd Cir.1994). The mere admission or acknowledgment by the defendant that an amount claimed in the complaint is actually due and owing to the plaintiff does not remove that amount from the jurisdictional calculation. *Wheel Horse Sales, Inc. v. Spence*, 566 F.2d 679, 681 (10th Cir.1977); *Peoples Westchester Sav. Bank v. Ganc*, 705 F.Supp. 164, 166 (S.D.N.Y.1989); *United Bonding Ins. Co. v. Parke*, 293 F.Supp. 1350, 1351–52 (E.D.Mo. 1968). Likewise, part payment of a claimed amount, after a suit has been commenced, does not remove that amount from the calculation. *Landry v. A–Able Bonding, Inc.*, 870 F.Supp. 715 (E.D.Tex.1994); *Nationwide Mut. Ins. Co. v. Whiteford Systems, Inc.*, 787 F.Supp. 766 (S.D.Ohio 1992). However, where an unconditional payment is made to the plaintiff prior to commencement of the action, the amount paid cannot be said to be in controversy. *See Ganc, supra.*

As noted above, plaintiff filed its complaint on May 10, 1995. By that time, defendant had already deposited $43,750 with the clerk's office "representing payment of the lien of Morris B. Chapman & Associates." (*See* Filing 1, Exhibit D.) Defendant, apparently by virtue of that deposit, claims that it "ha[d] already offered, and attempted to pay, the sum of $43,750 to the Plaintiff." (Filing 8.) Plaintiff argues that the deposit was merely an acknowledgment of partial liability and that, as such, the amount should not be removed from the jurisdictional calculation. (Plaintiff's Brief, at 3.) Further, plaintiff submits an affidavit, in which plaintiff's attorney asserts that "[n]o part of the $43,750.00 contingency fee ... has been paid to Plaintiff by Defendant or any other party." (Filing 11.)

Defendant offers nothing to contradict the sworn statement of plaintiff's attorney which indicates that actual payment to plaintiff of the $43,750 has never been made. Nor does defendant contend that plaintiff could have accessed the money deposited with the clerk's office without foreclosing itself from seeking further amounts from the defendant. Based on these facts, I am unable to conclude to a "legal certainty" that plaintiff's claim is really for less than the jurisdictional amount. I shall therefore recommend that defendant's motion to dismiss be denied. *Larkin, supra.*

In its motion to disqualify defense counsel, plaintiff claims that representation

by attorney Raymond Hasiak and the entire Legal Department of Defendant Union Pacific Railroad Company constitutes a violation of Disciplinary Rule 5–102 of the Nebraska Code of Professional Responsibility because "it is obvious" that Hasiak will be called as a witness on behalf of defendant or as an adverse witness by plaintiff. Disciplinary Rule 5–102 provides:

(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5–101(B)(1) through (4).

(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

Code of Professional Responsibility, DR 5–102.[2]

 Under the foregoing rules, an attorney is only required to withdraw in the following situations: (1) where he or someone in his firm "ought to be called as a witness on behalf of his client;" or (2) where he or someone in his firm "may be called as a witness other than on behalf of his client" and "his testimony is or may be prejudicial to his client."

 Plaintiff asserts that Hasiak is listed as a possible defense witness in the initial disclosures of the defendant. (Filing 16, Exhibit A.) Plaintiff further asserts that Hasiak is the only representative of Union Pacific with information concerning the issues in this case. (Filing 16, at ¶ 6.) Plaintiff thus concludes that "[i]t is apparent" that Hasiak will be called as a witness. (Filing 16, at

¶ 7.) However, at this point, it has not been established that Hasiak or others in his firm necessarily will be called to testify on behalf of Union Pacific. Further, there is no evidence, at this point, indicating that the testimony of Hasiak or others in his firm, if called as witnesses on behalf of plaintiff, would be prejudicial to Union Pacific. Thus, there is no need to disqualify defense counsel at this time. I shall therefore deny the motion to disqualify.

**IT THEREFORE HEREBY IS ORDERED** that plaintiff's motion to disqualify defense counsel (filing 15) is denied.

**FURTHER, IT THEREFORE HEREBY IS RECOMMENDED** to the Honorable William G. Cambridge, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), that defendant's motion to dismiss (filing 8) be denied.

The parties are notified that unless objection is made within ten days after being served with a copy of this recommendation, they may be held to have waived any right they may have to appeal the court's order adopting this recommendation.

Dated December 27, 1995.

---

2. The Code of Professional Responsibility adopted by the Supreme Court of Nebraska governs the standard of conduct of the members of the bar of this court. NELR 83.4(b).