20 F.Supp.2d 1300 (1998)
John WALSH, Plaintiff,
v.
J.B. HUNT TRANSPORT, INC., Defendant.
No. 4:98CV1497 CDP.
United States District Court, E.D. Missouri, Eastern Division.
September 18, 1998.
Gordon W. Neilson, St. Louis, MO, for John D. Walsh, plaintiff.
Michael A. Lawder, Hinshaw and Culbertson, Belleville, IL, for J.B. Hunt Transport, Inc., defendant.

ORDER
PERRY, District Judge.
This matter is before the Court on defendant's response to plaintiffs' motion to remand this case to the Circuit Court of the City of St. Louis, Missouri, which the Court granted by order dated September 15, 1998. Although the Court has already ordered this action remanded, it will grant defendant leave to file its response in order to address the arguments raised therein.
In its response, defendant contends that the Court should disregard the prayer for judgment contained in plaintiff's petition for damages. In that prayer, plaintiff requested a judgment not to exceed $50,000 together with his costs. Defendant argues that the prayer violated Missouri Supreme Court Rule 55.05, which provides, in pertinent part:
recovery of money be demanded, the amount shall be stated, except that in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority, but the prayer shall be for such damages as are fair and reasonable.
Mo.S.Ct.R. 55.05 (emphasis added). Defendant asserts that by "determin[ing] the proper jurisdictional authority," the rule refers to the division of jurisdictional authority between Missouri's associate circuit courts and the state's circuit courts. Under § 517.011(1), Mo.Rev.Stat., associate circuit judges hear and determine "all civil actions and proceedings for the recovery of money ... when the sum demanded, exclusive of interests and costs, does not exceed twenty-five thousand dollars." Circuit judges hear cases involving sums in excess of that amount. Thus, in order to bring his petition in circuit court, plaintiff should have merely stated in his petition that he was seeking a sum exceeding $25,000. Accordingly, defendant argues, the Court should not consider the fact that plaintiff, in violation of Rule 55.05, sought no more than $50,000.
*1301 In point of fact, the Court, in deciding to remand this action to the state court, did not consider the $50,000 prayer contained in the petition. Rather, it relied on the affidavit of plaintiff's counsel that plaintiff would seek total damages in this action "of no more than the jurisdictional amount of $74,000 [sic] and [would] not seek any damages above this sum or above this figure." The Court believes that sworn statement is binding on plaintiff in this Court as well as in any other court. Indeed, the Court believes that if plaintiff were to seek damages in excess of $74,000 in this action in the Circuit Court of the City of St. Louis (or any other court), such conduct would work a fraud on this Court, and would be punishable by any and all appropriate sanctions. In short, defendant's fear that plaintiff, now returned to state court, may hereafter amend his petition to seek more than $75,000 is groundless.
The Court further concludes that plaintiff's counsel's use of his own affidavit to establish the amount in controversy was both proper and consistent with Eighth Circuit law. In Larkin v. Brown, 41 F.3d 387, 389 (8th Cir. 1994), Larkin, a Missouri citizen, brought suit in federal court against Brown, a Connecticut citizen, alleging assault and battery. In response to Brown's interrogatory asking Larkin to state the total amount of damages that he sought, Larkin stated $50,000, which, as the court of appeals noted, was "a penny shy" of the then-existing amount-in-controversy requirement. 41 F.3d at 389. The Eighth Circuit affirmed the district court's decision granting Brown's motion to dismiss for lack of jurisdictional requirement, observing that "[i]n determining the amount in controversy pursuant to a motion to dismiss, answers to interrogatories serve as the equivalent of affidavits to either support or defeat diversity jurisdiction." Id. (emphasis added); see also Hardemon v. City of Boston, 144 F.3d 24, 27 (1st Cir.1998) (holding that when a defendant raises an amount-in-controversy challenge to diversity jurisdiction, the plaintiff can meet his burden of proving jurisdiction "by amending the pleading or by submitting affidavits which sufficiently substantiate the alleged amount in controversy").
As defendant itself acknowledges, Missouri law does not permit a plaintiff to include in his petition a request for a specific sum in damages. Thus, absent use of an affidavit such as the one employed herein (or some similar procedure), it would seem that most, if not all, cases brought by a Missouri plaintiff against a non-Missouri defendant in Missouri circuit court could be removed to federal court  and remain in federal court  at the drop of a hat. Allowing a plaintiff to unequivocally establish his or her damages as no greater than $75,000 through use of an affidavit (or other binding declaration) is entirely consistent with the congressional purpose underlying the amount-in-controversy requirement, that is, "`to keep the diversity caseload of the federal courts under some modicum of control.'" Valhal Corp. v. Sullivan Assocs., Inc., 44 F.3d 195, 209 (3d Cir. 1995) (quoting Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir.), cert. denied, 510 U.S. 964, 114 S.Ct. 440, 126 L.Ed.2d 373 (1993)).
Accordingly,
IT IS HEREBY ORDERED that defendant is granted leave to file its response to plaintiff's motion to remand, and the request for reconsideration contained in that response is denied.
*1302 
*1303 
*1304 
*1305