# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-2491

———————

Brent E. Rasmussen,                     *
                                        *
        Plaintiff - Appellant,          *
                                        *
Kim Rasmussen,                          *
                                        *   Appeal from the United States
        Plaintiff,                      *   District Court for the District
                                        *   of Nebraska.
        v.                              *
                                        *
State Farm Mutual Automobile            *
Insurance Company; State Farm           *
Entity, (True and Exact Name            *
Unknown) a part of State Farm           *
Insurance Companies,                    *
                                        *
        Defendants - Appellees.         *

———————

Submitted: April 11, 2005
Filed: June 9, 2005

———————

Before WOLLMAN, BEAM, and GRUENDER, Circuit Judges.

———————

BEAM, Circuit Judge.

Brent Rasmussen was severely injured by an uninsured motorist while trying to help another (insured) motorist out of a ditch on Interstate 80 between Lincoln and Omaha in Nebraska. After the accident, Rasmussen successfully claimed $100,000

in uninsured motorist benefits from his policy ("the Nebraska policy") with State Farm. He then tried to claim uninsured motorist benefits from the State Farm policy of the motorist whom he was trying to help ("the Michigan policy"). However, both policies provide that if an injured person is entitled to uninsured motorist benefits from more than one policy, the total amount received shall not exceed the policy with the highest limit. Both policies limit uninsured motorist benefits to $100,000. Because Rasmussen had already received a $100,000 check, made payable jointly to Rasmussen and his wife Kim, under the Nebraska policy, State Farm denied the claim for benefits under the Michigan policy. Rasmussen brought this diversity suit in federal district court, alleging that he was entitled to $100,000 under the Michigan policy. He now argues that since the Nebraska policy benefit check was made payable jointly to him and his wife (who had asserted injuries arising from loss of consortium), he has not received the entire $100,000, and is entitled to at least $100,000 more in benefits from the Michigan policy.

Resolving an initial choice-of-law dispute, the magistrate judge, sitting by consent of the parties pursuant to 28 U.S.C. § 636, ruled that Michigan law applied because Michigan had the most significant contacts with this particular contract action.[1] Based on Michigan law, Rasmussen could not recover under the Michigan policy because Michigan case law required that there be physical contact between the injured person and the insured car, Rohlman v. Hawkeye-Sec. Ins. Co., 526 N.W.2d 183, 188 (Mich. App. 1994), and that in order for uninsured coverage to attach the insured vehicle must be the instrumentality which produced the injuries, Century Mut. Ins. Co. v. League Gen. Ins. Co., 541 N.W.2d 272, 275 (Mich. App. 1995). Because

---

[1] The Michigan policy was issued in Michigan, in the names of the motorist's parents. The parents lived in Michigan, and their daughter drove the car with their permission while attending the University of Nebraska–Lincoln at the time of the accident. The car was licensed and registered in Michigan; the insurance policy was purchased in Michigan; and the Michigan State Farm agent did not know the car was being primarily driven in Nebraska while the daughter was at college.

neither circumstance existed in this case, the magistrate judge entered judgment in favor of State Farm.

In his complaint Rasmussen pleaded that he was entitled to at least $100,000 from the Michigan policy. Because we questioned whether Rasmussen could legally recover more than $75,000 under the policy, our jurisdiction under 28 U.S.C. § 1332 was in doubt. We ordered supplemental briefing by the parties on the amount in controversy issue. See James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005) (ordering supplemental briefing when court of appeals, sua sponte, questioned jurisdictional amount in controversy and the issue had not previously been raised by the parties or the district court). The party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence. Id.

After reviewing the supplemental briefs, we conclude that Rasmussen has not met this burden. Rasmussen may only recover $50,000 from the Michigan policy. Rasmussen concedes as much in his opening brief when he argues that regardless of the anti-stacking provisions in both policies, because the $100,000 check was made payable jointly to him and his wife and deposited into a joint Nebraska bank account, "[t]he *presumption* is that they each owned equal parts, i.e., $50,000.00." (Emphasis added). See Neb. Rev. Stat. § 30-2722(b) (it is presumed that monies deposited in a joint marital account are contributed in equal amounts by both parties). Rasmussen essentially argues that he is entitled to another $50,000. And we agree that this would be all that he is legally entitled to, if anything.

Additionally, in supplemental briefing, Rasmussen notes that he can exceed the jurisdictional amount "when attorney fees are considered." But, only statutory attorney fees count toward the jurisdictional minimum calculation. Crawford v. F. Hoffman-LaRoche, Ltd., 267 F.3d 760, 766 (8th Cir. 2001). Rasmussen, who has the burden of proving jurisdictional amount, has not established a statutory entitlement to attorney fees if he prevailed in this action. Accordingly, because Rasmussen

cannot prove he is legally entitled to damages greater than the requisite jurisdictional amount in controversy, we dismiss this case, without prejudice, for lack of jurisdiction.

———————————————