# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1490

———————

Susan Marple, et al.,                            *
                                                 *
            Appellee,                            *
                                                 *   Appeal from the United States
    v.                                           *   District Court for the
                                                 *   Western District of Missouri.
T-Mobile Central LLC,                            *
                                                 *   [PUBLISHED]
            Appellant.                           *

———————

Submitted: May 9, 2011
Filed: May 19, 2011

———————

Before WOLLMAN, BOWMAN, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

      T-Mobile Central LLC appeals the district court's[1] remand of ten class actions to the state court from which they were removed. T-Mobile argues that the district court has jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. 1332(d)(6), because the aggregated amounts in controversy of the ten lawsuits exceeds the $5 million CAFA threshold. This opinion explains the reasoning behind our judgment affirming the district court's order of remand entered on May 13, 2011.

———————

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

T-Mobile sued Missouri municipalities for refund of certain tax payments that it had paid under protest. Because Missouri law requires taxpayers to file a declaratory judgment action within ninety days of paying the disputed taxes, T-Mobile filed ten separate lawsuits seeking to recoup tax payments made within ten specific time periods. Susan Marple and Stephanie Worrell (together "Marple") sued T-Mobile in state court for passing the contested tax onto consumers and sought to recover any money that the Missouri municipalities refunded to T-Mobile. Marple brought ten separate class actions, with each class action identifying and seeking the same damages sought in one of the ten lawsuits filed by T-Mobile. After T-Mobile removed the class actions to federal court, the district court granted Marple's motion to remand. We allowed T-Mobile to appeal the district court's order of remand. 28 U.S.C. § 1453(c)(1).

The CAFA does not expressly contemplate aggregating the amounts sought in separate class actions when determining whether the matter in controversy exceeds the sum of $5,000,000. See 28 U.S.C. § 1332(d)(2), (6). The CAFA explicitly grants original jurisdiction based on the aggregated claims of class members within "any class action," id., but is silent as to aggregating claims of class members between class actions. Although a singular construction is often not meaningful for purposes of statutory interpretation, see 1 U.S.C. § 1, the absence of provisions for aggregating between class actions here suggests that the use of the singular is significant, id. (stating that singular words do not include plural words if "the context indicates otherwise"). In light of the CAFA's detailed instructions for determining jurisdiction and aggregating class member claims within a class action, we think Congress would have similarly outlined how courts should aggregate between class actions had it intended for courts to do so.

T-Mobile argues that Freeman v. Blue Ridge Paper Products, Inc., 551 F.3d 405 (6th Cir. 2008), dictates a different result. In Freeman, although the plaintiffs divided their nuisance complaint into five separate suits covering distinct six-month time

periods and limited the total damages for each suit to less than $5 million, the Sixth Circuit aggregated the amounts in controversy from the separate lawsuits to find that the CAFA threshold was met. Id. at 407. The Sixth Circuit ignored the structure chosen by the plaintiffs because it concluded "there is no colorable basis for dividing up the sought-for retrospective relief into separate time periods, other than to frustrate CAFA." Id. at 409. T-Mobile argues that here there is similarly no legitimate justification for Marple's chosen structure other than to avoid the CAFA.

Although Marple's lawsuit superficially resembles the structure of the Freeman plaintiffs' lawsuit—both involve a cause of action broken into individual class actions covering distinct time periods—the reason for Marple's structuring decision is fundamentally different. Critical to the outcome in Freeman was that each suit asked for $4.9 million in damages, just under the CAFA threshold; the lawsuits were initially brought as one and were divided only after the plaintiffs became aware of the danger of removal; and the plaintiffs acknowledged that avoiding the CAFA was the only reason for the division. Id. at 407; see also Proffitt v. Abbott Labs., No. 2:08-CV-151, 2008 WL 4401367, at *2-4 (E.D. Tenn. Sept. 23, 2008) (aggregating claims between lawsuits based on a finding of a deliberate attempt to structure the lawsuit into separate actions so as to circumvent the CAFA). In contrast, the structure of Marple's class actions exactly mirror the underlying ten lawsuits brought by T-Mobile and are driven by T-Mobile's own litigation decisions. Moreover, there is no indication that Marple artificially divided the lawsuit to avoid the CAFA. Although the functional effect of Marple's ten separate lawsuits is avoidance of the CAFA, Marple did not structure her lawsuit to circumnavigate it. Thus, to the extent we would follow the Sixth Circuit, Freeman is distinguishable.

Accordingly, the judgment of the district court is affirmed.

_____