**HARRINGTON ENTERPRISES, INC.,**
**on behalf of itself and all others**
**similarly situated, Plaintiff,**

v.

**SAFETY–KLEEN SYSTEMS,**
**INC., Defendant.**

**Case No. 13–00167–CV–W–BP.**

United States District Court,
W.D. Missouri,
Western Division.

Signed July 9, 2013.

---

Matthew Lee Dameron, Williams, Dirks, Dameron, LLC, Norman Eli Siegel, Stueve, Siegel, Hanson, LLP, Kansas City, MO, Robert G. Methvin, Jr., McCallum, Methvin & Terrell, Rodney E. Miller, Patrick C. Marshall, Birmingham, AL, for Plaintiff.

G. Lane Knight, Montgomery, AL, Gregory C. Cook, Birmingham, AL, Judd M. Treeman, Michael S. Hargens, Husch & Blackwell, LLP, Kansas City, MO, for Defendant.

### ORDER

BETH PHILLIPS, District Judge.

This case comes before the Court on Plaintiff Harrington Enterprises, Inc.'s Motion to Remand. (Doc. 13.) Harrington argues the amount in controversy in this putative class does not exceed the Class Action Fairness Act's (CAFA) $5 million jurisdictional threshold. Defendant Safety–Kleen Systems, Inc. opposes. Remand will be denied.

### I. Background

Harrington purchases industrial cleaning and waste removal services from Safety–Kleen. Safety–Kleen provides these services to Harrington and others pursuant to standardized form contracts. These contracts do not mention a "fuel surcharge," and Harrington asserts they do not contemplate Safety–Kleen charging and collecting such a fee.

Harrington filed a class-action petition in Missouri state court. (Petition, Doc. 1–1.) Harrington alleges Safety–Kleen's fuel surcharge is an unlawful profit-generating fee. Harrington asserts legal claims on behalf of two putative classes. The first class is a "Contract Class," defined as all persons and entities who paid a fuel surcharge after executing a written contract with Safety–Kleen. (*Id.* at ¶ 10.) This class alleges breach of contract, and it seeks compensatory damages in an amount equal to the fees paid. (*Id.* at ¶¶ 29–32.) The second class is a "Consumer Class," defined as all individuals and entities who paid a fuel surcharge. (Petition at ¶ 11.) As is relevant here, this class alleges violation of the Missouri Merchandising Practices Act (MMPA). (*Id.* at ¶¶ 33–35.) For this claim, Harrington seeks compensatory damages, attorney's fees, punitive damages, and injunctive relief. (*Id.* at ¶ 35.)

Safety–Kleen removed this case based on CAFA jurisdiction. (Notice of Removal, Doc. 1.) Harrington now moves for remand.

### II. CAFA

"CAFA confers federal jurisdiction over class actions where, among other things, 1)

there is minimal diversity; 2) the proposed class contains at least 100 members; and 3) the amount in controversy is at least $5 million in the aggregate." *Raskas v. Johnson & Johnson,* 719 F.3d 884, 886–87 (8th Cir.2013) (quotation omitted).

 "A party seeking to remove under CAFA must establish the amount in controversy by a preponderance of the evidence[.]" *Id.* (alterations omitted). "[W]hen determining the amount in controversy, the question is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Id.* (emphasis in original) (quotation omitted).[1] A court determines the amount in controversy by aggregating the claims of all proposed class members. 28 U.S.C. § 1332(d)(6); *Marple v. T–Mobile Cent. LLC,* 639 F.3d 1109, 1110 (8th Cir.2011). Compensatory damages, punitive damages, and statutory attorney's fees all count towards the amount in controversy. *Raskas,* 719 F.3d at 887–88; *Rasmussen v. State Farm Mut. Auto. Ins. Co.,* 410 F.3d 1029, 1031 (8th Cir.2005).

"Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, ... then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Raskas,* 719 F.3d at 888.

### III. Discussion

Harrington argues Safety–Kleen improperly removed this case under CAFA. It is undisputed that this case contains minimal diversity and at least 100 putative class members. Therefore, the only issue is whether the aggregate amount in controversy exceeds $5 million.

### Contract Class

The Contract Class alleges one count of breach of contract, and it seeks compensatory damages as a remedy. Safety–Kleen's Financial and Accounting Systems Manager states the company has collected at least $527,631 in fuel surcharge fees from the Class. (Berdinsky Decl. ¶ 5, Doc. 1–2.) Plaintiff does not dispute this figure. Accordingly, the Court finds that the amount in controversy for the Contract Class is $527,631.

### Consumer Class

As is relevant here, the Consumer Class alleges violation of the MMPA. Under the MMPA, a plaintiff may recover actual damages, attorney's fees, punitive damages, and equitable relief. Mo.Rev.Stat. § 407.025.1. Missouri law limits recovery of punitive damages. *Id.* § 510.265. A punitive damages award cannot exceed the greater of: (1) $500,000; or (2) five times the combined sum of actual damages and attorney's fees. *Id.* § 510.265.1; *Hervey v. Mo. Dep't of Corr.,* 379 S.W.3d 156, 165 (Mo.2012).

For its MMPA claim, the Consumer Class seeks compensatory damages, attorney's fees, punitive damages, and injunctive relief. Safety–Kleen presents evidence of the Class's past and future fuel surcharge payments, attorney's fees, and punitive damages, as well as Safety–Kleen's costs of complying with an injunc-

---

1. The parties vigorously dispute whether this "might" standard governs here, where Harrington originally filed this case in state court and Safety–Kleen subsequently removed it to federal court. However, the Eighth Circuit has repeatedly applied this standard to cases removed under CAFA. *Raskas,* 719 F.3d at 886–87; *Hurst v. Nissan N. Am., Inc.,* 511 Fed.Appx. 584, 585–86 (8th Cir.2013); *Hartis v. Chicago Title Ins. Co.,* 694 F.3d 935, 944 (8th Cir.2012); *Bell v. Hershey Co.,* 557 F.3d 953, 959 (8th Cir.2009). The Court must follow this precedent. *M.M. ex rel. L.R. v. Special Sch. Dist. No. 1,* 512 F.3d 455, 459 (8th Cir.2008).

tion. Harrington disputes many of these figures. The Court need not resolve each of these disputes, because some do not affect whether the amount in controversy exceeds $5 million. Instead, Court will focus on the three forms of damages that are determinative here: past fuel surcharge payments, attorney's fees, and punitive damages.

Safety–Kleen presents evidence it has collected at least $716,430 in fuel surcharge fees from the Consumer Class. (Berdinsky Decl. ¶ 5.) Plaintiff does not dispute this figure. Accordingly, the Court finds that Class's current compensatory damages are $716,430.

Next, Safety–Kleen argues this case exceeds $5 million because the Consumer Class seeks both statutory attorney's fees and punitive damages. The parties vigorously dispute whether the Court may consider these amounts. Harrington contends the Court cannot, because Safety–Kleen has presented no "specific facts or evidence" in support of them. Safety–Kleen responds that it need not make such a detailed showing. Instead, Safety–Kleen argues it is sufficient to merely show that the amounts are recoverable under the governing law.

■ The weight of authority supports Safety–Kleen. A recent Eighth Circuit case is illustrative. In *Raskas,* plaintiff Daniel Raskas filed in Missouri state court a class-action petition alleging the expiration date on a certain medication violated the MMPA.[2] *Raskas,* 719 F.3d at 885–86. Raskas sought both compensatory and pu-

nitive damages. *Id.* at 885–87. The defendants removed the case to federal court based on CAFA. *Id.* at 885–86. The issue before the Eighth Circuit was whether the amount in controversy exceeded $5 million. *Id.* at 886–87. The Eighth Circuit noted defendants presented evidence that their Missouri sales of the medication totaled $3.3 million. *Id.* at 887–88. Immediately thereafter, the Eighth Circuit held: "When considering the total sales in conjunction with the request for punitive damages the amount in controversy requirement is met." *Id.* at 887–88 (citing Missouri law concerning punitive damages).

In *Raskas,* the Eighth Circuit did not require the defendants to provide "specific facts and evidence" showing how the case warranted punitive damages. Instead, the Eighth Circuit summarily included those damages in the amount in controversy, because Raskas requested them and could recover them under the law. This approach is consistent with other federal case law. *Brown v. City Chevrolet, LLC,* No. 09–0642–CV–W–GAF, 2009 WL 3485833, at *1 (W.D.Mo. Oct. 28, 2009); *Bass v. Carmax Auto Superstores, Inc.,* 07–0883–CV–W–ODS, 2008 WL 441962, at *2 (W.D.Mo. Feb. 14, 2008); *see Frederick v. Hartford Underwriters Ins. Co.,* 683 F.3d 1242, 1248, 1248 n. 4 (10th Cir.2012); *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.,* 637 F.3d 827, 831 (7th Cir.2011). This authority is persuasive here, because it addresses cases removed based on CAFA jurisdiction.[3]

---

**2.** *Raskas* was an appeal from a consolidated hearing for three separate class actions: (1) *Raskas;* (2) *Levy;* and (3) *Yoffie. See Raskas,* 719 F.3d at 885–87. Only the *Raskas* class action is relevant here.

**3.** In contrast, Harrington relies upon authority addressing cases removed based on diversity jurisdiction. *See State of Mo. ex rel. Pemis-*

cot Cnty., Mo. v. W. Sur. Co., 51 F.3d 170 (8th Cir.1995); *Larkin v. Brown,* 41 F.3d 387 (8th Cir.1994); *Walz v. FedEx Office & Print Servs., Inc.,* No. 2:12–CV–04188–NKL, 2012 WL 5386058 (W.D.Mo. Nov. 2, 2012); *Green v. Dial Corp.,* No. 4:11CV1635 AGF, 2011 WL 5335412 (E.D.Mo. Nov. 4, 2011); *Schudy v.*

Applying this approach, the Court finds it may consider the Consumer Class's statutory attorney's fees. The Class seeks these fees, the MMPA provides for them, and the amount in controversy includes them. Thus, these fees are at issue here. By applying a standard 33% attorney's fee to the Class's compensatory damages, the Court finds that a total of $236,421.90 in fees is at issue.

Similarly, the Court finds it may consider the Consumer Class's punitive damages. As above, the Class seeks these damages, the MMPA provides for them, and the amount in controversy includes them. Thus, these damages are at issue here. Under Missouri law, the Class's punitive damages award could total up to five times the combined sum of its compensatory damages and attorney's fees. That combined sum is $952,851.90. Thus, a total of $4,764,259.50 in punitive damages is at issue.

After adding together the totals for compensatory damages, attorney's fees, and punitive damages, the Court finds the amount in controversy for the Consumer Class is $5,717,111.40.

### Aggregating All Class Members' Claims

The Court determines the amount in controversy for a case by aggregating the claims of all proposed class members. The total of the Consumer Class's and the Contract Class's claims is $6,244,742.40. This total exceeds $5 million. Therefore, Safety–Kleen has met its burden of satisfying CAFA's amount in controversy.

### Legal Certainty

"Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, ... then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Raskas,* 719 F.3d at 888. Harring-

ton does not make such an argument. Therefore, this case will remain in federal court.

### IV. Conclusion

As discussed above, Safety–Kleen has shown the amount in controversy in this putative class action exceeds $5 million, and Harrington has not shown it is legally impossible for the putative class members to recover this amount. Therefore, the Court has CAFA jurisdiction over this case. Harrington's Motion to Remand, (Doc. 13), is **DENIED.**

The Court hereby **LIFTS** the stay of this case. (*See* Doc. 15.) The parties shall conduct a Rule 26(f) conference and file a proposed scheduling order no later than *July 31, 2013.*

**IT IS SO ORDERED.**

*Gordon,* No. 06–00136–CV–W–DW, 2006 WL 859279 (W.D.Mo. Mar. 28, 2006).